**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
Charles E. Simpson (CES-2130)

Attorneys for 521 East 3rd Street, LLC,
  S&S Graphics, Inc. and S&S Digital, Inc.,
  Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-----------------------------------x
                                    :
In re:                              :
                                    :   Chapter 11 Case
521 EAST 3RD STREET, LLC,           :   Nos. 04-20319 (ASH)
S&S GRAPHICS, INC., and             :        03-23559 (ASH)
S&S DIGITAL, INC.,                  :        03-23560 (ASH)
                                    :
                    Debtors.        :   **Jointly Administered**
                                    :
-----------------------------------x

## ORDER CONFIRMING PLAN OF S&S GRAPHICS, INC.

S&S Graphics, Inc., Debtor-in-Possession (the "Debtor" or "Proponent"), having proposed and filed with the Court a chapter 11 Plan of Reorganization, dated May 13, 2005 (the "Plan"), which provides, *inter alia*, for the sale of the Debtor's assets, satisfaction of the Debtor's secured indebtedness and distribution to unsecured creditors in accordance with the priority of creditors under the provisions of the United States Bankruptcy Code, Title 11 of the United

States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code")[*]; this Court having approved the Debtor's Modified Amended Joint Disclosure Statement (the "Disclosure Statement") filed in connection with the Plan in accordance with Section 1125 of the Bankruptcy Code as containing "adequate information"; it appearing that a copy of the Disclosure Statement approved by this Court, the Plan and notice that a hearing would be held on the confirmation of the Plan on August 16, 2005, at 10:00 a.m. (the "Confirmation Hearing") were transmitted to all holders of Claims against the Debtor (or to representatives thereof) and to all other parties-in-interest on July 14, 2005; the Confirmation Hearing having been held by the Bankruptcy Court and concluded on August 16, 2005; upon the record of the Confirmation Hearing and all prior proceedings had before the Court in this Chapter 11 case; after due deliberation; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED** that:

**I.** <u>**Jurisdiction and Venue.**</u>  The United States District Court for the Southern District of New York has jurisdiction over this Chapter 11 case in accordance with 28 U.S.C. § 1334 and this Chapter 11 case has been duly referred to this Court in

---

[*]    Capitalized terms not otherwise defined in this Confirmation Order shall have the meanings assigned thereto in the Plan.

accordance with 28 U.S.C. § 157(a) and (b)(1) and the Order of Referral of Bankruptcy Cases and Proceedings of the United States District Court for the Southern District of New York (the "Order of Referral").

A.    The confirmation of the Plan is a core proceeding under Section 157(b)(2)(A), (L) and (O) of Title 28 of the United States Code, 28 U.S.C. § § 101 et seq., with respect to which this Court has authority to enter a final order in accordance with 28 U.S.C. § 157(a) and (b)(1) and the Order of Referral.

B.    Venue of this Chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408(1).

## II.  **The Plan Complies With the Applicable Provisions of the Bankruptcy Code (Section 1129(a)(1)).**

The Plan complies with the applicable provisions of the Bankruptcy Code in accordance with 11 U.S.C. § 1129(a)(1).

A.    The Debtor is a proper debtor under Section 109 of the Bankruptcy Code.

B.    On September 15, 2003, the Debtor filed its petition instituting a case under chapter 11 of the Bankruptcy Code.

C.    The Debtor is the proponent of the Plan and is a proper proponent of the Plan under Section 1121 of the Bankruptcy Code.

D.   The Debtor delivered by first class mail or by personal service to all known parties-in-interest a notice advising them of the time and place of the Confirmation Hearing and the procedure for objecting to the Plan.  All appropriate governmental units (as defined in Section 101 of the Bankruptcy Code) (the "Governmental Units") had adequate notice of the Confirmation Hearing.

E.   On July 14, 2005, the Proponent transmitted a copy of the Plan to all: (i) creditors of the Debtor listed in the Schedules; (ii) all entities that are, to the Debtor's knowledge, parties to an executory contract or unexpired lease with the Debtor; (iii) the Office of the United States Trustee; (iv) the New York State and New York City Departments of Finance; and (v) all entities who requested special notice in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules") together with a notice stating, among other things, that at the Confirmation Hearing the Proponent would seek confirmation of the Plan.

F.   Any party-in-interest required to receive notice of the Confirmation Hearing has received due, proper and adequate notice thereof pursuant to Rule 2002(b) of the Bankruptcy Rules.  All parties-in-interest and all Governmental Units have had the opportunity to appear and be heard at the Confirmation Hearing.

G.    The Plan complies with Rule 3016(b) of the Bankruptcy Rules in that the Plan is dated and identified with the name of the entities filing it.

H.    The Debtor has duly filed affidavits of service regarding the foregoing with the Court.

I.    In accordance with Rule 3019 of the Bankruptcy Rules, the Plan which is the subject of this Confirmation Order does not adversely change the treatment afforded the claims of creditors from the treatment afforded the claims of creditors under the Plan, and, therefore, the Plan shall be deemed accepted by all creditors who previously accepted the Plan.  Any modifications of the Plan as set forth in the record of the Confirmation Hearing or this Confirmation Order do not require additional disclosure or any amendment or modification to the Disclosure Statement.  Accordingly, the Plan meets the requirements of Section 1127(c) of the Bankruptcy Code.

J.    The Confirmation Notice constitutes good and sufficient notice of the matters contained therein under the circumstances and no additional or further notice of such matters to any entity is necessary or required.

III. **The Contents of the Plan Comply With Section 1123 of the Bankruptcy Code**.

A.    <u>Proper Classification (Section 1123(a)(1))</u>.  The classification of Claims and Interests under the Plan complies

with Section 1122 of the Bankruptcy Code because the Claims and Interests that have been classified in each class are substantially similar to the other claims or interests, as the case may be, in such Class.

B.  The Plan Specifies Unimpaired Classes. The Plan specifies that all Classes are not impaired under the Plan in accordance with Section 1123(a)(2) of the Bankruptcy Code.

C.  The Plan Specifies Treatment of Impaired Classes. There are no impaired classes.

D.  The Plan Does Not Discriminate.  The Plan provides for the same treatment of each Claim in a particular Class unless the holder has agreed to less favorable treatment of such particular claim or interest, all in accordance with Section 1123(a)(4) of the Bankruptcy Code.

E.  The Plan Provides Adequate Means for Its Implementation.  The Plan provides adequate means for its implementation through the payment of all Allowed Administrative Expense and Priority Claims, Class I, II and III.

F.  Rejection of Executory Contracts. As permitted under Section 1123(b)(2) of the Bankruptcy Code, the Plan provides that the Debtor has no leases or executory contracts to reject.

{10318867:1}

### IV. **Voting on the Plan**.

Holders of Allowed Claims in Classes 1, 2 and 3 are unimpaired within the meaning of Section 1124 of the Bankruptcy Code and are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.

### V. **The Plan Complies With Section 1129 of the Bankruptcy Code**.

A. The Proponent Has Complied With Title 11. The Proponent has complied with the applicable provisions of the Bankruptcy Code in accordance with Section 1129(a)(2) of the Bankruptcy Code. The Plan provides for payment in full of Classes 1, 2 and payment in full of all claims in Class 3, as per agreement with the Official Committee of Unsecured Creditors as approved by the Court and, therefore, the Proponent has not made a solicitation of acceptances and rejections as all members of the aforesaid Classes are presumed to have accepted the Plan.

B. Plan Proposed in Good Faith. The Plan has been proposed in good faith and not by any means forbidden by law in accordance with Section 1129(a)(3) of the Bankruptcy Code. The Plan has been proposed for valid business purposes, to satisfy substantial obligations of the Debtor and to provide relief under Chapter 11 to the Debtor and its Creditors.

C. Payments of Costs and Expenses. All payments made or to be made by the Debtor for services or for costs or

{10318867:1}

expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, have been approved by the Court as reasonable or remain subject to the approval of the Court as reasonable in accordance with Section 1129(a)(4) of the Bankruptcy Code.

D.    Identity and Compensation of Insiders. There are no "insiders" who are compensated under the Plan.

E.    No Rate Changes.  No rate changes are provided for in the Plan that would require governmental regulatory commission approval pursuant to Section 1129(a)(6) of the Bankruptcy Code.

F.   The Plan Provides Compensation to Creditors of Amounts Not Less Than Liquidation Values.  The holder of a Claim in the impaired Class of Claims has accepted the Plan or will receive under the Plan property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, thereby satisfying the requirements of Section 1129(a)(7)(A) of the Bankruptcy Code. No class of claims has made an election pursuant to Section 1111(b) of the Bankruptcy Code.  11 U.S.C. § 1129(a)(7)(B).

G.    Plan Acceptance (Section 1129(a)(8)).  Holders of Claims in Classes I, II and III are unimpaired within the

meaning of Section 1124 of the Bankruptcy Code and are
conclusively presumed to have accepted the Plan under Section
1126(f) of the Bankruptcy Code.

H.   Plan Treatment of Administrative Claims and
Priority Tax Claims.  Except to the extent that the holder of a
particular Claim has agreed to a different treatment of such
Claim, the Plan provides that with respect to an Allowed Claim
of a kind specified in Sections 507(a)(1) through 507(a)(7) of
the Bankruptcy Code, if any (other than certain as yet
unapproved fees and expenses of professionals employed at the
expense of the Debtor who may assert a right to allowance of
fees and expenses pursuant to 11 U.S.C. § § 330 or 503(b)(2)-
(6), on the Effective Date) the holder of such Claim will
receive on account of such Claim cash equal to the amount of
such Claim.  The Plan thus satisfies the requirements of Section
1129(a)(9) of the Bankruptcy Code.

I.   At Least One Impaired Class Accepted the Plan
(Section 1129(a)(10)).  There are no impaired classes under the
Plan.  Thus, the requirements of Section 1129(a)(10) of the
Bankruptcy Code are satisfied.

J.   Feasibility.  The Plan is feasible and
confirmation of the Plan is not likely to be followed by the
need for further financial reorganization or liquidation of the

Debtor. The Plan thus meets the requirements of Section 1129(a)(11) of the Bankruptcy Code.

K. <u>Fees</u>. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing, have been paid or will be paid on the Effective Date in accordance with Section 1129(a)(12) of the Bankruptcy Code.

L. <u>Retiree Benefits</u>. The Debtor has no retiree benefit obligations. Thus, the Plan meets the requirements of Section 1129(a)(13) of the Bankruptcy Code.

M. <u>No Other Plan</u>. No other plan of liquidation or reorganization has been filed requiring the Court, pursuant to 11 U.S.C. § 1129(c) of the Bankruptcy Code, to consider the preferences of creditors in determining which plan to confirm.

N. <u>Transfer Documents and Instruments</u>. The transfer of the assets of the Debtor to the extent called for under the Plan and the making and delivery of any documents contemplated thereunder or in connection therewith constitutes the "making or delivery of an instrument of transfer under a plan confirmed under Section 1129" within the meaning of Section 1146(c) of the Bankruptcy Code.

Finding that the Plan is confirmable for all of the foregoing reasons, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

a)    <u>Confirmation</u>.

(i) The findings of this Court set forth above shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

(ii) Based on these findings of fact and conclusions of law, the Plan be, and the same hereby is, confirmed, pursuant to Section 1129(b) of the Bankruptcy Code.  Objections to the Plan, if any, that have not been withdrawn, waived or settled are hereby overruled.

b)    <u>Binding Plan and Confirmation Order</u>. Pursuant to Section 1141(a) of the Bankruptcy Code, the provisions of the Plan, and this Confirmation Order are hereby made binding upon the Debtor, any holder of a Claim, whether or not the Claim is impaired under the Plan and whether or not such holder of a Claim has accepted the Plan and any other party-in-interest in the Case.  The provisions of this Confirmation Order are hereby made non-severable and mutually dependent.

c) <u>Transfer of Assets; Vesting of Assets in Reorganized Debtor</u>.

(i) Except as otherwise provided in the Plan or this Confirmation Order and in accordance with 11 U.S.C. §1141(b) and (c), all of the property of the Debtor's estate and all other property and interests in property dealt with by the Plan (the "Property"), shall be, and they hereby are, vested in the Reorganized Debtor, to be dealt with in accordance with the Plan, and are free and clear of all liens, charges, Claims and Interests arising prior to the date of this Confirmation Order.

d) <u>Executory Contracts and Unexpired Leases</u>.

(i) The Debtor is hereby authorized and deemed to, and does, reject all executory contracts and unexpired leases not previously assumed pursuant to this Order or an earlier Order of this Court.

(ii) Any Person alleging Claims arising from the rejection of any executory contract or unexpired lease shall file a proof of claim with the Court within twenty (20) days after notice of the rejection of such executory contract or unexpired lease, or be forever barred from asserting any claims therefor against the Debtor, the Estates, or otherwise.

e) <u>Injunction</u>.

(i) Except as otherwise provided in the Plan, upon the Effective Date, all Entities are hereby permanently enjoined from asserting, enforcing or seeking to enforce any Claims based on any indebtedness satisfied pursuant to the Plan against the Debtor.

(ii) Nothing in the Plan or in this Confirmation Order shall operate as a discharge of the claims, obligations or liabilities to be paid or performed under the Plan.

f) <u>Plan Amendments/Modifications</u>. Prior to the Effective Date and in connection with the consummation of the Plan, the Plan may be amended and modified in writing so long as any such amendment or modification does not adversely change the treatment of any Claim whose holder has not agreed to such amendment or modification.

g) <u>Authorizations</u>. The Debtor, its agents and attorneys be, and hereby are, authorized, empowered and directed to issue, execute, deliver, file or record any document, power-of-attorney and any agreement, whether or not specifically referred to in the Plan or the Disclosure Statement and to take any and all action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms, all without further

application to, or order of, this Court.  All terms and provisions of such documents and agreements (including any exhibits thereto) and all such actions are hereby approved. 11 U.S.C. §1142(a).

     h)  <u>Final Allowances of Compensation and Disbursements</u>.  All applications for final allowance of compensation and reimbursement of disbursements pursuant to Sections 330 and 503(b) of the Bankruptcy Code shall be filed with the Court and served upon the Debtor within twenty (20) days from and after the Effective Date of the Confirmation of the Plan.

     i)  <u>Liability of Successors and Assigns</u>.  The rights, duties and obligations of any Person named or referred to in the Plan and this Confirmation Order shall be binding upon, and shall inure to the benefit of, the successors, heirs, trustees, executors, administrators and assigns of such Person.

     j)  <u>Record Owners of Claims and Interests</u>. In the consummation of the Plan, Charles E. Simpson, Esq. (the "Distribution Agent"), in making distributions, may act and rely upon the record of owners of Claims as known to the Debtor as of the date of this Confirmation Order.

     k)  <u>Distributions</u>.  All payments and other distributions to be made by the Debtor under the Plan shall

be timely and proper if mailed by first-class mail to the address listed in such Person's Proof of Claim filed in the Case, or if the foregoing is not applicable, the last known address of the Person(s) entitled thereto.

l)  <u>Disputed Claims or Interests</u>.  In the event that any Claim is a Disputed Claim, the Distribution Agent, in lieu of making a Distribution on account of such Claim, may hold such Distribution in an escrow account until the disposition thereof shall be determined by Final Order of this Court or by written agreement among the interested parties to such dispute.

m)  <u>Unclaimed Distributions</u>.  The Distribution Agent will set aside Unclaimed Distributions and hold them in trust in an escrow account for the holders of Unclaimed Distributions.  If the holder of an Unclaimed Distribution is located within five (5) years of the Effective Date, the Distribution, together with interest and dividends earned thereon, if any, held by the Distribution Agent in trust with respect to such payment, will be paid or distributed to such Person.  If such Person is not located within five (5) years of the Effective Date, the Distribution Agent will pay such Unclaimed Distributions and accrued interest and dividends, if any, to the Debtor.

n) <u>Administrative Expenses</u>. Any Person alleging entitlement to payment from the estate of the Debtor of an administrative expense of the kind specified in Section 507(a)(1) of the Bankruptcy Code, except those administrative expenses paid in the ordinary course of business prior to the Confirmation Date, shall file a request for payment of administrative expenses with the Court prior to September 6, 2005, except that professionals, as that term is defined in the Bankruptcy Code, who have been retained by Order of this Court, shall, within twenty (20) days after the date of entry of the Confirmation Order, file its request or application for compensation, or be forever barred from asserting any requests for payment or claims therefor against the Debtor, its estate or otherwise.

o) <u>Transfer Taxes</u>. All transfers of real or personal property as contemplated by the Plan shall be afforded an exemption from any stamp tax or similar tax pursuant to Section 1146(c) of the Bankruptcy Code. Pursuant to Sections 1142(b) and 1146(c) of the Bankruptcy Code, all filing or recording officers in each jurisdiction in which the Debtor possesses an interest in real property to be transferred pursuant to the Plan are directed to accept for recording and to record the instrument of

transfer, without the payment of any stamp tax, transfer tax, mortgage registration or recording tax or any other tax within the purview of 11 U.S.C. § 1146(c) and without the requirement of presentation of any document relating thereto.

p)  <u>Notice of Entry of Confirmation Order</u>. Within five (5) days after the date of entry of this Confirmation Order, or within such further time as this Court may allow, pursuant to Bankruptcy Rules 2002 (f)(7) and 3020(c), the Debtor shall mail to all holders of Claims, and all other parties-in-interest a notice of entry of this Confirmation Order.

q)  <u>Retention of Jurisdiction</u>. Notwithstanding the confirmation of the Plan, this Court shall retain exclusive jurisdiction over this Case for the following purposes:

(i)  To determine the allowance or classification of Claims or Interests and to determine any objections thereto;

(ii) To determine any and all disputes arising under or relating to this Plan and any documents ancillary thereto and to issue such orders as may be necessary for the implementation, execution and consummation of the Plan;

(iii) To determine any and all applications for allowance of compensation or reimbursement of expenses arising in, arising out of or relating to this Case or any Claim or Interest;

(iv) To determine requests for payment of Claims entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

(v) To determine any and all applications for the rejection, assumption or assignment of executory contracts or unexpired leases and the allowance of any Claim resulting therefrom;

(vi) To determine all applications, motions, adversary proceedings, contested matters and other litigated matters that may be pending in this Court on or initiated after the Effective Date;

(vii) To determine such other matters and for such other purposes as may be provided for in this Confirmation Order;

(viii) To modify this Plan to the full extent permitted by the Bankruptcy Code, or to remedy any apparent non-material defect or omission in this Plan, or to reconcile any nonmaterial inconsistency in this Plan so as to carry out its intent and purposes;

(ix) To enter an order or final decree closing the Case;

(x)  To determine matters under Sections 346, 505 and 1146 of the Bankruptcy Code relating to any tax as to which the Debtor may be liable;

(xi)  To determine all questions and disputes regarding title to the assets transferred pursuant to the Plan;

(xii) To enforce all orders, judgments, injunctions and rulings entered in connection with the Case;

(xiii) To enter such orders as may be necessary or appropriate in aid of Confirmation and to facilitate implementation of the Plan;

(xiv) To recover all assets of the Debtor and property of the Estate, wherever located, including any causes of action under Sections 544 through 550, and 553 of the Bankruptcy Code and applicable non-bankruptcy law; and

(xv)  To adjudicate any questions of contempt of any of the Court's orders by the Debtor.

r)  Closing the Case.  The Debtor's estates in this Case shall not be deemed fully administered within the meaning of Section 350(a) of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules and no final decree closing

this Case shall be entered until the distributions required
to be made under the Plan have been made pursuant to the
terms of the Plan, and payment to the Office of the United
States Trustee of all pre- and post-confirmation quarterly
fees have been paid and all post-confirmation reports have
been filed.  In the event this Case shall be inadvertently
deemed closed or fully administered before all
distributions to be made under the Plan have been made
pursuant to the terms of the Plan, this Case may be
reopened pursuant to Section 350(b) of the Bankruptcy Code
and Rule 5010 of the Bankruptcy Rules for cause.

s)  <u>Reports</u>.  The report required by Rule
2015(a)(5) of the Bankruptcy Rules shall be filed by the
Debtor within ninety (90) days after the Effective Date.
Such report shall contain adequate information concerning
the final and complete consummation of the Chapter 11
Case.

t)  <u>Conflict Between the Plan and this
Confirmation Order</u>.  In the event of any conflict between
the Plan and this Confirmation Order, this Confirmation
Order shall control.

u)  <u>Effective Date of This Order</u>.  This
Confirmation Order shall become effective immediately upon

its entry on the docket of the Clerk of the Bankruptcy
Court.


Dated: White Plains, New York
       August 16, 2005


                            /s/ Adlai S. Hardin, Jr.
                            United States Bankruptcy Judge